# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

HECTOR J. CRUZ,

    Petitioner,

v.

WARDEN SUZANNE HASTINGS,

    Respondent.

CIVIL ACTION NO.: 2:15-cv-11

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Hector Cruz ("Cruz"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Motion to Dismiss, (doc. 8), and Cruz filed a Response. (Doc. 10.) For the reasons which follow, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**, Cruz's Section 2241 Petition be **DISMISSED**, and this case be **CLOSED**. It is also my **RECOMMENDATION** that Cruz be **DENIED** *in forma pauperis* status on appeal.

## **BACKGROUND**

In December 2008, Cruz pleaded guilty in the Northern District of Illinois to conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846. (Doc. 8-4, p. 2.) He was sentenced to 120 months' imprisonment, which was the statutory mandatory minimum. (Id. at p. 3; Doc. 8, p. 1.) Cruz filed an appeal with the Seventh Circuit Court of Appeals, which affirmed his conviction and sentence. United States v. Cruz, 595 F.3d 744 (7th Cir. 2010).

Cruz then filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in July 2010. In his motion, Cruz asserted he received ineffective assistance of counsel because his trial counsel failed to: object to portions of the Presentence Investigation Report ("PSI"), conduct any investigation into his background, and present mitigating factor during the sentencing phase. (Doc. 8-5, pp. 4–5.) Cruz also asserted the trial judge could not add a provision to his sentence requiring him to perform community service at the discretion of the United States Probation Office. (Id. at p. 6.) The Northern District of Illinois denied Cruz's motion. (Doc. 8-6.)

## DISCUSSION

In his current Petition, which was filed on January 21, 2015, Cruz contends his sentence is unlawful because his criminal history category was a "three" based on four criminal history points. (Doc. 1, p. 1.) Cruz asserts three of these four criminal history points are based on his previous contempt conviction, which he maintains is "relevant conduct" that should not have scored any criminal history points. (Id. at p. 2.) Thus, Cruz maintains, he should have been sentenced below the statutory mandatory minimum based on the "safety valve" provision of 18 U.S.C. § 3553(f). According to Cruz, he is entitled to proceed via Section 2241 because Circuit precedent foreclosed his arguments in his Section 2255 motion. (Id.) Cruz contends the remedy afforded by Section 2255 is inadequate and ineffective to challenge his sentence based on the restrictions of 28 U.S.C. § 2255(h). (Id. at p. 5.)

Respondent asserts Cruz does not satisfy the savings clause of Section 2255 and cannot proceed pursuant to Section 2241. Respondent avers Cruz had a genuine opportunity to litigate his claims in his Section 2255 motion. (Doc. 8, p. 7.)

**I.      Whether Cruz can Proceed Pursuant to Section 2241**

Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013), *abrogation on other grounds recognized by* United States v. Hill, 799 F.3d. 1318, 1321 n.1 (11th Cir. 2015). To utilize Section 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under Section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014).

The United States Court of Appeals for the Eleventh Circuit provides two "challenges to which the savings clause" is applicable. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013). First:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit "retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner, 709 F.3d at 1333 (alteration in original) (internal citation and

punctuation omitted). However, Wofford's holding establishes two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

Id. "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

In Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1256 (11th Cir. 2013), the Eleventh Circuit addressed whether the savings clause of Section 2255(e) permits a federal prisoner to bring a Section 2241 petition when he establishes his sentence exceeds the statutory maximum penalty. The Eleventh Circuit stated that, in order for a petitioner to show that his prior Section 2255 motion was "inadequate or ineffective to test the legality of his detention," he must establish that: (1) "throughout his sentencing, direct appeal, and first [Section] 2255 proceeding," binding circuit or Supreme Court precedent had specifically addressed and had squarely foreclosed the petitioner's current sentencing-error claim; (2) "subsequent to his first [section] 2255 proceeding, the Supreme Court[ ] . . . overturned [that] precedent"; (3) the Supreme Court's new rule "applies retroactively on collateral review"; (4) "as a result of [the] new rule being retroactive, [the petitioner's] current sentence exceeds the . . . statutory maximum"; and (5) the savings clause reaches the petitioner's claim. 738 F.3d at 1274. The

4

savings clause "does not reach a guidelines-error sentencing claim when the prisoner's sentence does not exceed the statutory maximum." Id. at 1264. A petitioner must satisfy all five (5) of these requirements to obtain relief.

As noted above, Cruz previously brought a Section 2255 motion in his district of conviction. That court summarized Cruz's claim as follows:

> it is well-settled that '[w]hen calculating a defendant's criminal history category, a district court may not consider prior convictions for acts which constitute relevant conduct—conduct that was part of the instant offense.' United States v. Bryant, 557 F.3d 489, 503 (7th Cir. 2009). Under U.S.S.G. § 1B1.3(a)(1)(B), 'relevant conduct' is defined to include 'all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.' According to Cruz, the conduct underlying his contempt conviction was 'relevant' to his federal conspiracy offense, because he incurred the conviction as a result of his attempt to "avoid detection or responsibility" for the drug-dealing activity that formed the basis for his conspiracy offense. In other words, Cruz maintains that he disregarded the subpoena ordering him to appear in court because he was on the run from the police and was worried that he might be apprehended if he showed up to testify. Since the conduct underlying his contempt conviction was 'relevant' in this way to his drug conspiracy offense, Cruz argues that it should not have been used in determining his criminal history category.

(Doc. 8-7, pp. 4–5.) In its review of Cruz's claim that his contempt conviction should not have been used in calculating his criminal history, the Northern District of Illinois found Cruz's argument "implausible." (Id. at p. 5.) Specifically, that court found:

> The Seventh Circuit has explained that in determining whether conduct is 'relevant' for purposes of the Guidelines, 'the district court must consider the acts giving rise to [the petitioner's] state-court conviction and evaluate whether those acts and the charged conspiracy were either 'part of a single episode, spree, or ongoing series of offenses,' or 'substantially connected to each other by . . . [a] common factor, such as common victims, common accomplices, common purpose, or similar modus operandi.' Bryant, 557 F.3d at 503 (quoting U.S.S.G. § 1B1.3 cmt. n.9). Cruz's conviction for contempt cannot be considered 'relevant conduct' in terms of any of these specific criteria. Indeed, Cruz makes no attempt to argue otherwise. See, e.g[..]. United States v. Cogley, 38 [F. App'x] 231, 236 (6th Cir. 2002) (district court did not commit plain error in counting contempt

5

> conviction in calculating defendant's criminal history category). Because this argument is without merit, Cruz's counsel's failure to raise it does not render his performance deficient.

(Id.)

Cruz made the specific argument he makes here in his Section 2255 motion. His claim was not barred by binding precedent, it was just deemed to be without merit. "The mere fact that such a [§ 2255 motion] is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective." Peddi v. Hobbs, No. 98-2994, 1999 WL 976242, at *2 (11th Cir. Oct. 27, 1999). It appears that Cruz is attempting to bring a second or successive Section 2255 motion pursuant to Section 2255(h), which provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Cruz's claims are not based upon any retroactively applicable Supreme Court decision, nor does he claim he has newly discovered evidence. Thus, he does not fulfill either condition to invoke the savings clause or to proceed under Section 2255(h). Cruz does not satisfy the savings clause, and the Court need not address the relative merits of his Section 2241 Petition. Because Cruz has not satisfied the requirements of Section 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005). Based on these reasons, Respondent's Motion to Dismiss should be **GRANTED** and Cruz's Section 2241 Petition should be **DISMISSED**.

## II. Leave to Appeal *In Forma Pauperis*

The Court should also deny Cruz leave to appeal *in forma pauperis*. Though Cruz has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Cruz's petition and Respondent's Motion to Dismiss set forth above, there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should be **DENIED**.

CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss, (doc. 8), be **GRANTED** and that Cruz's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), be **DISMISSED** and this case be **CLOSED**. I further **RECOMMEND** that Cruz be **DENIED** leave to proceed *in forma pauperis* on appeal.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Cruz and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 6th day of November, 2015.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA